Good morning. May it please the Court. My name is Gretchen Carpenter, representing the Plaintiff Appellant John Faulkner. I'd like to reserve two minutes for appeal. I mean, for rebuttal. You've got ten minutes for appeal and two minutes for rebuttal. Today I'd like to highlight two main points to explain why the District Court was in error in granting ADT's motion to dismiss as a matter of law and without leave to amend here. The first point I'd like to highlight is the very recently decided California Court of Appeal decision in Kite v. Cash Call. Specifically the holding of that case that generally the question of whether a California resident has an objectively reasonable expectation that his call will not be recorded is generally a question of fact for a jury and certainly, I would contend, is not appropriately decided on a motion to dismiss before discovery and an adequately developed factual record. You don't have to – I'm personally responsible for the Iqbal case having been reversed by the Supreme Court on that one. But you have to do something more than say there's a fact in there somewhere. You have to plead facts that plausibly would show that this was, in fact, personal and confidential. And the question is, A – actually, two questions – A, did you do that? If so, why? And the second question is, if you didn't, could you do that if you were allowed leave to amend the complaint? Yes, Your Honor. I believe that the plaintiff did – we did plead facts sufficient to allege that the plaintiff had a reasonable expectation that the call wouldn't be recorded in paragraphs 10 through 12 of the complaint and also in paragraph 27 of the complaint. This was a complaint that was filed in state court in the county of San Mateo and it was removed. But the complaint that the motion to dismiss was filed upon was actually a state court complaint. We – if the court had believed that we needed something extra in light of the Iqbal standard, we could have amended the complaint at that point to allege additional facts. You have – can you tell us whether you have such facts, additional facts to allege? Sure. That would matter. Sure, Your Honor. I'd like to bring the Court's attention to the California Supreme Court decision in Kearney v. Solomon Smith-Barney. And I understand that's a California pleading case. But in footnote 10 of that opinion, which is a very important footnote, the Court noted that California consumers have become accustomed to being informed when their call is being recorded that the reverse of that is true, so that if a consumer is not informed that a call is being recorded, that that consumer then has a reasonable expectation that the call will not be recorded. He may have. He may have. But under the statute, doesn't it still have to be – if I have a reasonable expectation, I call you and I have a reasonable expectation of privacy and I ask you what time is it, and you tell me, would I have a cause of action? No, you wouldn't have a cause of action. Because? Because it has to be an objectively reasonable expectation that the call will not be recorded. Doesn't it have to be something personal and confidential, too? It has to – the standard as set forth in the Flanagan v. Flanagan case, another California Supreme Court case, is the standard is that the consumer in this case has to only have an objectively reasonable expectation that the call will not be recorded. No matter what the contents of the call. That is the case. And the Flanagan case specifically says that the contents of the call. Counsel, it's Judge Gould, if I can interject a question. That in response to Judge Sack's first inquiry, if the consumer had a reasonable expectation, their call wasn't being recorded, but all they asked for was the time of day. You're saying that is a confidential communication on your theory? And the reason I'm asking, I don't mean to belabor it, but I'm having trouble understanding in a practical sense why or in what way a customer calling to question a charge on a bill is making a confidential communication. Yes. Thank you, Your Honor. The customer, if the customer, when the customer makes the phone call, has a reasonable expectation that that call is not going to be recorded, regardless of the content of that conversation under the Flanagan California Supreme Court decision, yes, that would be considered a confidential communication under Penal Code Section 632. Counsel, that is indeed my understanding of California law as well. Under the FREO line of cases, you've got Flanagan, you've got Kearney, and it seems that the content is irrelevant. That's the Olaski requirement, which the Supreme Court expressly rejected. So as I look at it, what we're looking at here is whether there were two elements shown, and that is whether the plaintiff, in this case your client, lacked actual knowledge that the call was being monitored and that they had a reasonable expectation that no one was listening in or overhearing the conversation. Under California law, which is the substantive law we're applying here, not the procedural law, but the substantive law, that the content is irrelevant. Is that your understanding? Yes, Your Honor. That is my understanding. So if that's true, if that's true, your client pled the first one. I'm not sure that he has any chance at all if we send it back in terms of the real world, but in terms of pleading alone, I gather your position is that whatever may have been said or not said is not relevant. Yes, Your Honor. That is our position. And I believe it's true. But let's just say hypothetically that it were. In this case, where he's calling and complaining to a home security company, wouldn't it be reasonable to think that a lot of information that he would give, what might be rather confidential, like maybe a password for his alarm system or what his social security number is or what his mother's maiden name is and the like, if content were relevant, wouldn't those be items that you wouldn't want out in the general public? Absolutely, Your Honor. And I'd also like to point out that this isn't a situation that ADT has no ability to cure. There are two parts to the statute. They have to provide, they have to provide, or the plaintiff has to have notice or knowledge that it's being recorded in consent. And the second part is the confidential communication. Virtually every customer service line you call in the state of California gives you a prerecorded message that your call will be recorded. And ADT has another problem, which is that they don't offer a non-recorded line. But it's not a situation that companies can't comply with the statute. Do you want to save any of your time? Thank you. Yes, I will reserve the remaining time. Very good. It's pretty close to the two minutes. Yeah, she's very close there. Okay. This is Mr. Hickock, is that right? That's correct, Your Honor. Very good. Good morning. May it please the Court. Robert Hickock on behalf of Appellee's ADT Security Services and ADT Security Systems West. In this case, the district court correctly applied the California Supreme Court standard in Flanagan v. Flanagan to dismiss the complaint. The court determined that the plaintiff here had not alleged facts in the complaint that would support an objectively reasonable determination that these calls were subject to an objective expectation of confidentiality. I cut off on the Olasky content point. That's why I did it, right? No, Your Honor. I don't think so. He cited Flanagan and he cited FRIO, which Flanagan adopted. Right. And, Your Honor, I think I may do this at some risk, but I may disagree with you on the content issue with respect to the complaint. To me, the whole thing turns on the content issue. And so if you've got something, if you disagree, please let me have it. Let me tell you why. Sure. Your Honor, if you look at Flanagan, Flanagan is analyzing whether it should adopt Olasky or FRIO. It describes the Flanagan case as being based upon whether there would be an expectation that the content would be disclosed to third parties at some future time. And it rejects that and says, no, it's not content in the future, it's whether during the time of the call there is a reasonable expectation that the contents are private. And so I think when Flanagan talks about not looking at content, it's doing so in the context of saying we're not going to adopt Olasky. There's another recent district court case, Vera v. O'Keeffe, which involved recording by a so-called investigative reporter at an ACORN office. And the district court there said specifically, under Flanagan, you have to look at the facts and circumstances surrounding the recording. And that district court said, and I believe content is one of the things that should be taken into account in looking at the facts and circumstances. What the district court did here is it looked at the facts and circumstances and said, all right, this is a call to an 800 number of a customer service line for a major security company. The call was of extremely short duration. It's pleaded in the complaint that there were beeps during the call, which is a nationally recognized indication that the call is being recorded. And I, like, I'd be the first person to admit that Mr. Faulkner probably has an impossible case to win if we send this back. I don't – but we have to establish the law. We have to clarify the law here. Right. And I guess my concern is, I don't read Flanagan the way you do, and I don't read Kearney the way you do, apparently. But let's just say you're right. Let's say you're correct that content is important here. Well, I don't think you even need to get there, Your Honor. Since we submitted the briefs, there have been three other cases by district courts, two of them dismissing complaints without leave to amend, one granting summary judgment. And so if you look at it, one was the Young v. Hilton Worldwide case, where it was a call to an 800 number, 1-800-HAMPTON, to inquire about billing and reservation issues. And the Court said that's simply not a call where there's an objectively reasonable expectation of privacy. The other was a call, Wiener v. ARS National Services, where the person called looking for an employee of the person, the entity being called. Turns out the employee had quit and wasn't there. And so the person answering the phone says, hey, is this being reported? They say yes, and then they hang up. There, the Court took judicial notice of a transcript of the call and said it was short, no personal information conveyed, and therefore, there's no violation of Section 632. The other decision, Your Honor, is Sage v. SAJ-FLR v. BBG Communications. Again, a call to a customer support center to inquire about telephone billing practices, and the Court said not reasonable. Let's just say these are all district court opinions, which are not binding on us. Of course. But let's just say arguably that content is a key. Now, what you've just described here, none of those has the remotest possibility of being confidential. In this case, though, this guy is calling about a bill, I gather. Well, Your Honor, let me pause there and be very careful about this. We have the recordings. We submitted them to the district court. The district court decided it did not need to review them. We have submitted them to this Court, and we believe under the authority in Zucco Partners v. Digimarc that this Court, if it wants to, has the authority to look at them. Mr. Flanagan did not mention a billing issue – Mr. Faulkner did not mention a billing issue in this case. He pleads in the complaint he intended to. He does not plead in the complaint that he, in fact, did. And the tapes – You're getting into an aspect of the record as opposed to a pleading issue. But in this particular case, would you agree that when somebody normally calls a company, particularly a security company – they used to protect the Federal judges, too, ADT – and calls about what's going on, the first thing you'd be asking is, well, what's your code? What's your mother's maiden name, et cetera? All that's confidential information. So if we don't know – I mean, if we know what the conversation is, then if you follow Olaski, maybe that makes it different. But if we don't know, isn't the right thing to do to send it back to the district court, let the district court determine if my reading of Flanagan and Kearney is correct, that the content is not key here, and the question is simply whether he pled the two elements required by Flanagan. Your Honor, with respect, it goes back to Your Honor's point, Twombly and Iqbal. You have to plead sufficient facts to state a plausible claim. If, in fact, Mr. Faulkner was asked for his mother's maiden name or some password, he would know that and plead that. We know for a fact that he wasn't, because we know it was said. But there is a pleading burden under Twombly and Iqbal that has to be met here. Kennedy, does Twombly and Iqbal apply in every complaint, or just certain kinds of complaints? No, Your Honor, I think the Supreme Court's been crystal clear it applies in every complaint, that that is the new standard for pleading in analyzing cases under 12b-6. Otherwise, what you'd be doing is creating a rule that says for certain categories of cases, section 632. Technically, that's what Twombly did and Iqbal changed it. Yeah, that's right, Your Honor. And so I think there is that pleading standard. Let's just say, let's just say, arguendo, I know you don't agree with this, but let's just say arguendo that under Flanagan and Kearney, that California law only requires the pleading of two elements, which I previously mentioned, does not deal with content, whatever the district court said. It's to say that that's right, category. Does that mean that what we should do is to send it back for the district court to allow an amendment on a Twombly-Iqbal basis because the law was not clear before, or what should we be doing? No. Your Honor, the district court in its decision very clearly said they've asked for amendment, but they've not told me in any way how they could amend to cure the deficiencies here. That's the plaintiff's burden in these circumstances is to, if you want an amendment, you have to say, here's how I'm going to amend and here's how it's going to cure the deficiencies that have been identified. Let's just say hypothetically that the district court was of the view that content was king. And if we tell them, no, that's not right. Under California law, you don't have to talk about content. So send it back, have them plead under Twombly and Iqbal, and then the district court can blow it out if it doesn't qualify. Well, in this case, it seemed to me, anyway, reading the district court's opinion, that content was very important to the district court. If he's wrong, don't we have to send that back? Your Honor, I don't think the district court looked at content. It followed Flanagan looking at the context and circumstances of the call. And I think the district court, we gave the district court the opportunity to look at content, and it decided it chose not to do so for its reasons. And I guess one thing I would say, Your Honor, is that there's an opportunity to – I think the law is developing actually pretty nicely, because you have cases like Carney where they plead extensive discussions about personal financial information. They satisfy that burden through pleading. Faulkner cannot do that in this case, and he hasn't done it. And he's been given an opportunity to do so on remand. You have Flanagan v. Flanagan, very extensive discussions between a father and son recorded over a long period of time. You have Vera v. O'Keefe, 40-minute recording in an in-person meeting where the person doing the recording says, hey, this is confidential, right? All of those cases, if there's something there, it can be pleaded, and under Twombly and Iqbal, it needs to be pleaded. It was not pleaded here. There's no pleading of facts concerning any circumstances that would make these calls objectively reasonable and confidential. The district court invited that in terms of a motion for leave to amend. Nothing further was forthcoming. And we know for a fact it can't be forthcoming, because we know what the calls are. And, Your Honor, one other just correction, and again, we've offered this in the record. ADT has a prerecording for all of its 800 lines where it says, this call may be monitored or recorded for quality purposes. And Mr. Faulkner may lose on that alone. But for pleading purposes, we're in a little different situation, aren't we? Your Honor, do we need to spend $100,000 to deal with all of these cases? I would just say they haven't pled it, they can't plead it. Thank you, Your Honor. Okay. Thank you very much. Let's hear counsel on rebuttal. Thank you. I'd just like to raise or address a couple of points. Once again, the Kite v. Cash Call case is, we did file a Rule 28J letter on that case. And it's an important opinion. And the court there talks about the fact that a California resident has a right to know who his or her audience is, which basically goes to the content issue. It's not about the content. It's about who is the audience for this conversation that this person is having. Effectively, what the district court did here was create a business recording exception to the law. There's no such exception written into Penal Code 632 and the court in the California Supreme Court in Kearney. So if you're saying you don't have to amend it, is that right? No, Your Honor. If you had an opportunity to amend, you're saying that, first of all, that it would be a mistake because you've already pleaded everything you have to. Your Honor, I believe we have pled what we have to plead. We haven't expressly pled the exact language that plaintiff had an objectively reasonable expectation that his call wouldn't be recorded. And we haven't specifically pled that plaintiff was accustomed to hearing or to being told that his calls would be recorded and in this circumstance wasn't. And that was an issue that was raised in the footnote 10 of the Kearney decision. With respect to the various district court cases that Mr. Hickok raised, a couple of those cases are on appeal. Some of them cited to the district court's decision in this case, which is hardly instructive here. And some of those cases also ignored the California Court of Appeal decision in Kite, which I think is critical because that is a clear California, a statement of California law on the subject. If anything, those cases raise the fact that there are questions of fact here, the plaintiff is entitled to discovery, and that this issue should not have been decided on a motion to dismiss. Thank you. Thank you both for your argument. Appreciate it. You came all the way out from Philadelphia, is that right? You probably also hated to get away from that great weather back there, right? It's been very bad for many people there. I know it is. We extend our condolences and we're very sorry for what's happened back there. Anyway, have a good trip back home. The case just argued is submitted and we will hear the final argument this morning, the Veterans Affairs. May it please the Court, good morning, Your Honors. My name is Hernandez Valera from Fairfax, Virginia, and I am representing Pro Bono, the plaintiff's opulence in this case, Your Honors.
judges: Sack (2nd Cir.), Gould, M. Smith, Cjj